**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DORIS EDWARDS,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| | § | |
| **v.** | § | Civil Action No. 3:10-CV-1268-BK |
| | § | |
| **MICHAEL J. ASTRUE,** | § | |
| **Commissioner of Social Security,** | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION AND ORDER**

Upon the written consent of the parties, this case was transferred to the United States

Magistrate Judge for the conduct of all proceedings and the entry of judgment, pursuant to 28

U.S.C. § 636(c).

**I.  BACKGROUND**

**A.  Procedural History**

Doris Edwards seeks judicial review of a final decision by the Commissioner of Social

Security denying her claim for Supplemental Security Income benefits (SSI) under Title XVI of

the Social Security Act (Act).  On May 29, 2008, Plaintiff applied for SSI, claiming that she was

disabled since December 15, 2007, due to her HIV positive status, a "tumor" in her left foot, and

neuropathy.  (Tr. at 110-115, 138).[1]   Her application was denied initially and on reconsideration,

and Plaintiff timely requested a hearing before an Administrative Law Judge (ALJ).  (Tr. at 59-63.

65-68).  On June 17, 2009, the ALJ issued his decision finding Plaintiff not disabled, which

_____

[1] "Tr." refers to the transcript of the administrative proceedings.

1

Plaintiff timely appealed to the Appeals Council. (Tr. at 4-6, 9-19). The Appeals Council denied

Plaintiff's request for review and the ALJ's decision became the final decision of the

Commissioner. Plaintiff timely appealed the Commissioner's decision to the United States

District Court pursuant to 42 U.S.C. § 405(g).

The cause is now before the Court on the parties' Motions for Summary Judgment. (Docs.

30-1, 33). Plaintiff argues the ALJ's residual functional capacity (RFC) finding is not supported

by substantial evidence because the ALJ failed to evaluate Plaintiff's mental impairments. (Doc.

30-1 at 3-5). Defendant responds that substantial evidence supports the ALJ's decision because

any alleged mental impairment is not supported by the record. (Doc. 34 at 5-7). Based on the

relevant pleadings, evidence, and applicable law the Decision of the Commissioner is

**AFFIRMED**.

B.      **Factual History**

        1.      **Age, Education, and Work Experience**

        Plaintiff was born on November 18, 1969, and was 39 years old at the time of the ALJ's

decision. (Tr. at 33-34). She has a tenth grade education and no prior work experience. (Tr. at

22, 34).

        2.      **Documentary Medical Evidence**[2]

        The only relevant medical evidence concerning Plaintiff's mental impairments is derived

from the records of three doctor visits. In December 2007, Plaintiff complained of irritability.

(Tr. at 284). In November 2002, Plaintiff's insight and judgment were documented as fair, her

---

        [2] Although the record is extensive and replete with other medical evidence, the Court only
recites the medical history relevant to the issues Plaintiff raises in this appeal.

mood was described as anxious, her attitude was appropriate, her appearance was described as average, and her thought process was organized. (Tr. at 504). Lastly, in February 2009, Plaintiff complained of mood swings, depression, and crying easily, and Dr. Elizabeth Race reported Plaintiff had "depressive symptoms." (Tr. at 262-63).

### 3. Hearing Testimony

The ALJ held a hearing on May 8, 2009, where Plaintiff, a medical expert, and a vocational expert testified. (Tr. at 27). Plaintiff was represented by counsel, and testified that she had not worked for pay since the alleged onset date of May 29, 2007. (Tr. at 27, 34). Plaintiff averred she has not be able to work because of pain in her hips, legs and feet, and fatigue. (Tr. at 36). Plaintiff was diagnosed with HIV and neuropathy. (Tr. at 36, 39-40). Plaintiff's daughter takes care of Plaintiff's household duties, including shopping, while Plaintiff handles her own personal hygiene. (Tr. at 42).

Plaintiff testified that she was previously diagnosed with depression, for which she takes medication, and was hospitalized six years prior to the hearing. (Tr. at 43). Plaintiff also averred she started suffering from depression about eight years prior and had recently started having suicidal thoughts. (Tr. at 44). However, Plaintiff admitted that she had no history of psychiatric or psychological treatment and had never received counseling or group therapy. (Tr. At 43).

Dr. John Billinghurst, the medical expert, next testified that Plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment. (Tr. at 45). From a review of Plaintiff's medical records, Dr. Billinghurst opined Plaintiff has a history of hypertension, HIV, AIDS, chronic leg pain, peripheral neuropathy, and plantar fibromatosis. (Tr. at 45-47). Dr. Billingshurst further opined that Plaintiff has the RFC to do sedentary work.

Jerry Hildre, a vocational expert, was the last to testify. (Tr. at 51). Mr. Hildre stated that Plaintiff did not have past relevant work history, but that based on the ALJ's RFC hypothetical, Plaintiff would be able to perform jobs existing in significant numbers in the economy. (Tr. at 51-52). Specifically, Plaintiff could perform the jobs of an optical goods assembler, a cutter and paster, and a hand mounter. (Tr. at 52).

**C.    ALJ's Findings**

The ALJ found Plaintiff had not engaged in any substantial gainful activity since May 29, 2008, the alleged onset date. (Tr. at 16-23). Plaintiff had the severe impairments of hypertension, HIV, AIDS, status-post plantar fibroma excision from the left foot, and peripheral neuropathy secondary to medications. (Tr. at 16). He concluded Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404. (Tr. at 16). He determined Plaintiff had the RFC to lift up to ten pounds occasionally and less than ten pounds frequently, stand and walk for two hours out of an eight-hour workday, and sit for six hours out of an eight-hour workday. (Tr. at 16). The ALJ also found Plaintiff needed to stand and stretch every 45 minutes, and could not climb ladders, ropes, or scaffolds. (Tr. at 16). Additionally, the ALJ held that Plaintiff's suitable employment was limited to that involving no hazards, and which required only occasionally climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling. (Tr. at 16). The ALJ concluded that, although Plaintiff did not have past relevant work experience, she was not disabled as defined by the Act because she could perform other jobs that exist in significant numbers in the national economy. (Tr. at 22-23).

## II. ANALYSIS

**A**.    **Legal Standards**

     **1**.    **Standard of Review**

Judicial review of the Commissioner's denial of benefits is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied proper legal standards in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C. §§ 405(g), 1383(C)(3). Substantial evidence is defined as more than a scintilla, less than a preponderance, and as being such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). In applying the substantial evidence standard, the reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather, scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236. A finding of no substantial evidence is appropriate only if there is a conspicuous absence of credible evidentiary choices or no contrary medical findings. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

     **2**.    **Disability Determination**

The definition of disability under the Social Security Act is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled:

1.    An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings.

2.    An individual who does not have a "severe impairment" will not be found to be disabled.

3.    An individual who "meets or equals a listed impairment in Appendix 1" of the regulations will be considered disabled without consideration of vocational factors.

4.    If an individual is capable of performing the work he has done in the past, a finding of "not disabled" must be made.

5.    If an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if work can be performed.

*Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (summarizing 20 C.F.R. §§ 404.1520(b)-(f), 416.920 (b-(f)).  Under the first four steps of the analysis, the burden lies with the claimant to prove disability.  *Leggett*, 67 F.3d at 564.  The analysis terminates if the Commissioner determines at any point during the first four steps that the claimant is disabled or is not disabled.  *Id.*  Once the claimant satisfies his or her burden under the first four steps, the burden shifts to the Commissioner at step five to show that there is other gainful employment available in the national economy that the claimant is capable of performing.  *Greenspan*, 38 F.3d at 236.  This burden may be satisfied either by reference to the Medical-Vocational Guidelines of the regulations or by expert vocational testimony or other similar evidence.  *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

**B.    Issue for Review**

The sole issue before the Court is whether the ALJ erred in failing to evaluate Plaintiff's mental impairments.  Plaintiff argues the ALJ's RFC finding is not supported by substantial

evidence because the ALJ failed to evaluate Plaintiff's mental impairments under the standard set

forth in 20 C.F.R § 416.920a. (Doc. 30 at 4). In addition, Plaintiff contends the ALJ failed to

develop the record regarding Plaintiff's mental impairments after Plaintiff testified she was

depressed. (Doc. 30 at 3). Based on the entire record, the Court concludes that the ALJ did not

err because his implicit determination of no disability due to mental impairment is supported by

substantial evidence.

The ALJ has the sole responsibility for determining an individual's disability status and for

evaluating a claimant's RFC (activities claimant is able to engage in despite her impairments)

based on the record as a whole. *See Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990); C.F.R.

§ 404.1546(c). The ALJ is free to reject any opinion when the evidence supports a contrary

conclusion. *See Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). The ultimate question of

whether an individual is disabled under the Act is reserved to the Commissioner. *Ripley v.*

*Chater*, 67 F.3d 552, 557 (5th Cir. 1995); 20 C.F.R. § 416.927.

In this case, there is no basis in the record to conclude that the ALJ did not consider

Plaintiff's claimed mental impairments. The fact is, Plaintiff initially did not seek disability

benefits on that ground and offered only minimal evidence at the hearing suggestive of any mental

impairment. The medical records presented contained three mere mentions of Plaintiff's

subjective complaints of irritability, anxiety, mood swings and/or depression. (Tr. at 262-63,

284, 504). However, there was no evidence, save Plaintiff's testimony, that she was ever

diagnosed with, hospitalized for, or prescribed medication to treat, depression. (Tr. At 44). Thus,

the ALJ was well within his authority to discount Plaintiff's complaints of mental impairment

because they lacked corroboration by medical evidence. *See* 20 C.F.R. §416.908 ("A physical or

mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms."); *see also Leggett v. Charter*, 67 F.3d 558, 566 (5th Cir. 1995) (holding that where the plaintiff asserted that the ALJ's decision was erroneous because it failed to consider his alleged mental impairments and because the ALJ did not order psychological tests, plaintiff's argument failed because although the record contained some references to the plaintiff's anxiety, stress, and depression, those comments were isolated and plaintiff was not treated for them).

Moreover, because the ALJ did not find that Plaintiff suffered from a mental impairment, he was under no duty to evaluate Plaintiff's impairments under 20 C.F.R § 416.920a. The ALJ must evaluate a claimant's mental impairments pursuant to the procedure set forth in 20 C.F.R § 416.920a, **only if** the ALJ concludes the claimant has a medically determinable mental impairment. Due to the sparsity of medical evidence in the record suggesting a mental impairment, the ALJ did not err by failing to find that Plaintiff suffered from a mental impairment and, accordingly, in not following the evaluative process under section 416.920a.

Finally, the Court finds no error in the ALJ's failure to further develop the record regarding Plaintiff's claim of depression. While, the ALJ has a duty to fully and fairly develop the facts relative to a claim for benefits, that duty must be balanced against the fact that the Plaintiff bears the burden of proof through step 4 of the evaluation process. *Ripley v. Chafer*, 67 F.3d 552, 557 (5th Cir. 1995); *Holifield v. Astrue*, No. 09-31125, 2010 WL 4560524 at *2 (5th Cir. 2010) (citing *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). The duty to develop the record becomes necessary only when the claimant presents sufficient evidence to raise a suspicion concerning an impairment. *See Jones v. Brown*, 829 F.2d 524, 526 (5th Cir. 1987). As discussed

previously, Plaintiff did not meet that burden here.

## III. CONCLUSION

Defendant's Motion for Summary Judgment (Doc. # 33) is GRANTED, Plaintiff's Motion

for Summary Judgment (Doc. # 30) is DENIED, and the decision of the Commissioner is

**AFFIRMED.**

**SO ORDERED** on March 24, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE